**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

STEADFAST INSURANCE COMPANY, a
foreign corporation, a/s/o ACME
BARRICADES, L.C.,

               Plaintiff,

v.                                          Case No. 3:16-cv-1574-J-34JBT

PROGRESSIVE CASUALTY INSURANCE
COMPANY, a foreign corporation,

               Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co.,168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."); see also Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1328 n.4 (11th Cir. 1999). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading

Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). On December 23, 2016, Progressive Casualty Insurance Company (Progressive) timely filed its Notice of Removal (Doc. No. 1; Notice) removing this case from the Circuit Court in and for Duval County, Florida. See Notice at 1; Complaint (Doc. No. 2; Complaint). In the Notice, Progressive asserts that this action "is one which my be removed to this Court by [Progressive] pursuant to the provisions of 28 U.S.C. § 1441(b), in that the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states." Notice at 2. However, despite this assertion, the Court is unable to determine whether it has jurisdiction over this action.

"Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). Additionally, the "federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 130 S. Ct. 1181, 1185 (2010) (quoting 28 U.S.C. § 1332(c)(1)); see also Bel-Bel Int'l Corp. v. Comty. Bank of Homestead, 162 F.3d 1101, 1106 (11th Cir. 1998). Here, Progressive represents that it is "a foreign corporation[.]" Notice at 1. Steadfast Insurance Company (Steadfast) further alleges that Progressive maintains its principal place of business in Cleveland, Ohio. Complaint ¶ 4. However, neither Progressive nor Steadfast discuss Progressive's state of incorporation. Thus, the Court is left with a defendant that is a citizen of Ohio and possibly another state. Based on these allegations, the Court cannot find that complete diversity exists between Progressive and Steadfast. As the allegations in the Notice and Complaint

do not sufficiently establish Progressive's citizenship for diversity purposes, Progressive has failed to provide the Court with sufficient information for the Court to determine whether it has jurisdiction over this action.[1]  Accordingly, it is hereby **ORDERED**:

Defendant Progressive Casualty Insurance Company shall have until **January 24th, 2017**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on December 30, 2016.

MARCIA MORALES HOWARD
United States District Judge

lc24

Copies to:

Counsel of Record

---

[1] When a case is removed from state to federal court, the removing party has the burden of establishing that federal jurisdiction exists. See Williams, 269 F.3d at 1319.

-3-