**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

STEADFAST INSURANCE COMPANY,
a foreign corporation, a/s/o ACME
BARRICADES, L.C.,

      Plaintiff,

vs.   Case No. 3:16-cv-1574-J-34JBT

PROGRESSIVE CASUALTY INSURANCE
COMPANY, a foreign corporation,

      Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant Progressive Casualty Insurance Company's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted and Incorporated Memorandum of Law in Support (Doc. 6; Motion), filed on January 2, 2017. Plaintiff Steadfast Insurance Company (Steadfast), as subrogee of Acme Barricades, L.C. (ACME), filed a response in opposition to the Motion on January 17, 2017. See Plaintiff's Response and Memorandum of Law in Opposition to Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted (the "MTD") [D.E. 6]) (Doc. 10; Response). Accordingly, this matter is ripe for review.

**I.	Background**[1]

In the Complaint, Plaintiff alleged that in May of 2015 Shawnta Brathwaite was involved in a car accident in her 2007 Acura.  See Complaint (Doc. 2; Complaint) ¶ 7.  She and a number of individuals in her vehicle were injured.  Id.  After the accident, Progressive Casualty Insurance Company (Progressive), which insured the 2007 Acura, id. ¶ 6, took possession of the vehicle, id. ¶ 8.  Additionally, Ms. Brathwaite commenced a lawsuit against ACME due to its negligent roadwork.  Id. ¶ 7.  A "number of the parties in [that] litigation sent written notice to Progressive to insure that the Acura was preserved [sic.]" Id. ¶ 8.  Nevertheless, at some point after the accident, Progressive discarded the vehicle. Id. ¶ 10.  As such, ACME and its insurer, Steadfast, were unable to complete their "investigation as to the cause of [Ms. Brathwaite's] loss."  Id. ¶ 11.  This "ultimately led to greater exposure for ACME and in turn a larger settlement payout."  Id.

Based on these facts, Steadfast filed suit in state court asserting a spoliation of evidence claim against Progressive.  Id. ¶¶ 13-16.  Specifically, Steadfast alleged that Progressive breached its "legal and contractual duty to ACME and . . . Steadfast, to preserve its insured's 2007 Acura while the [Brathwaite versus ACME] litigation was ongoing so that all parties had an opportunity to inspect the vehicle."  Id. ¶ 14.  On December 23, 2016, Steadfast removed this action from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida to this Court.  See Notice of Removal (Doc. 1; Notice).  Shortly after, Progressive filed the Motion in which it seeks to dismiss the

---

[1] In considering the Motion, the Court must accept all factual allegations in the Complaint (Doc. 2) as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations.  Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).  As such, the facts recited here are drawn from the Complaint, and may well differ from those that ultimately can be proved.

Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure (Rule(s)).  See generally Motion.

## II. Standard of Review

In ruling on a motion to dismiss, brought pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true.  See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1, 122 S. Ct. 992, 995 n.1, 152 L. Ed.2d 1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002).  In addition, all reasonable inferences should be drawn in favor of the plaintiff.  See Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam).  Nonetheless, the plaintiff must still meet some minimal pleading requirements.  Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted).  Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed.2d 1081 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed.2d 929 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. at 1949).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

3

action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965-66 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted).  Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth."  See Iqbal, 556 U.S. at 678, 680-81, 129 S. Ct. at 1941.  Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678, S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570, 127 S. Ct at 1955).

## III.  Discussion

"'Spoliation of evidence . . . is a cause of action which holds someone liable for negligently or intentionally destroying material which is needed as evidence in litigation.'" Silhan v. Allstate Ins. Co., 236 F. Supp.2d 1303, 1307 (N.D. Fla. 2002) (citation omitted). In the Motion, Progressive contends that Steadfast has not properly stated a claim for negligent spoliation of evidence.[2]  Specifically, Progressive argues that the Complaint is insufficient because Plaintiff failed to allege facts supporting a finding that Progressive owed a duty to Steadfast to preserve the 2007 Acura, see Motion at 4-7, and that Steadfast failed to allege facts showing that it suffered an injury because of the vehicle's destruction, id. at 7-8.  In response, Steadfast argues that Progressive had a duty to preserve the 2007

---

[2]  Progressive argues that the Complaint contains a claim for negligent spoliation of evidence, and not for intentional spoliation. See Motion at 6.  Because Steadfast does not dispute this assertion, see generally Response, to the extent that Steadfast asserted a claim for intentional spoliation of evidence, the Court considers it abandoned.

Acura because Progressive received notices requesting that it preserve the vehicle and could reasonably have foreseen that the vehicle was necessary to prove Steadfast's comparative fault defense. See Response at 5-8. Steadfast also contends that it sufficiently pled causation because in the Complaint it asserts that the destruction of the vehicle prevented it from completing its investigation, and "ultimately led to greater exposure for ACME and in turn a larger settlement payout." Id. at 8; see also Complaint ¶ 11. Upon consideration of the record and the arguments of the parties, the Court concludes that the Motion is due to be granted because Steadfast has not pled sufficient facts to state a claim for negligent spoliation of evidence.

Under Florida law,[3] to prevail on a negligent spoliation of evidence claim, a party must establish the following:

> (1) the existence of a potential civil action; (2) a legal or contractual duty to preserve evidence relevant to the potential civil action; (3) destruction of that evidence; (4) significant impairment in the ability to prove the lawsuit; (5) a causal relationship between the evidence destruction and the inability to prove the lawsuit; and (6) damages.

Am. Integrity Ins. Co. v. Ford Motor Co., No. 12-CV-24165, 2013 WL 12121495, at *3 (S.D. Fla. Feb. 20, 2013) (citations omitted). In Florida, a "duty to preserve evidence can arise by contract, by statute, or by properly served discovery request.'" Id. (quoting Royal & Sunalliance v. Lauderdale Marine Ctr., 877 So.2d 843, 845 (Fla. 4th DCA 2004)). Also, "a third party does not have a common law duty to preserve evidence absent a formal notice

---

[3] This case is before the Court based on its diversity jurisdiction. See Notice ¶ 3. As such, the Court applies the substantive law of the forum state, Florida. See Auto-Owners Ins. Co. v. E.N.D. Servs., Inc., 506 F. App'x 920, 923 n.2 (11th Cir. 2013). The parties do not dispute that Florida law applies. See Motion at 2; see generally Response.

of intent to sue."[4] Am. Integrity, 2013 WL 12121495 at *3 (citing Penn. Lumberman's Mut. Ins. Co. v. Fla. Power & Light, 724 So.2d 629, 630 (Fla. 3d DCA 1998) (noting that notice could have created a duty to preserve if the alleged spoliator received it) and James v. U.S. Airways, Inc., 375 F. Supp. 2d 1352, 1353, 1355 (M.D. Fla. 2005) (finding that the alleged spoliator did not have a duty to preserve because it did not receive "formal notice prior to the destruction" of the evidence)).

Although Steadfast contends that Progressive had a duty to preserve the 2007 Acura, the Complaint is devoid of factual allegations sufficient to establish this duty. Steadfast failed to allege that Steadfast or ACME notified Progressive, either in writing or orally, that it sought the preservation of the 2007 Acura, or otherwise advised Progressive of Steadfast or ACME's need for the evidence.  In the Complaint, Steadfast alleged that "a number of parties in the [Brathwaite versus ACME] litigation sent written notice to Progressive to insure that the Acura was preserved [sic]."  See Complaint ¶ 8.  However, to properly allege that Progressive owed a duty to Steadfast, Steadfast would have needed to plead that Steadfast, or its subrogee, ACME, notified Progressive of its need to preserve the 2007 Acura.  See Silhan, 236 F. Supp.2d at 1312 ("Allstate's interest in pursuing a claim for itself d[id] not give rise to a duty to the Plaintiffs.  If Plaintiffs would have given Allstate notice, then such notice would have created a duty for Allstate to preserve the causation evidence in anticipation of litigation."); cf. Nelson v. Amica Mut. Ins. Co., No. 6:15-cv-160-Orl-41TBS, 2015 WL 4507609 (M.D Fla. Jul. 24, 2015), at *3 n.1 (finding a

---

[4] Whereas first party spoliation claims arise when "the defendant who allegedly lost, misplaced, or destroyed the evidence was also a tortfeasor in causing the plaintiff's injuries or damages," third party spoliation claims "occur when a person or an entity, though not a party to the underlying action causing the plaintiff's injuries or damages, lost, misplaced, or destroyed evidence critical to that action." Martino v. Wal-Mart Stores, Inc., 908 So.2d 342, 345 n.2 (Fla. 2005).

duty to preserve where the plaintiff sent the defendant a request to preserve evidence for a future lawsuit prior to its destruction).  As such, the Court finds that Steadfast failed to allege that it provided Progressive with notice sufficiently specific to give rise to the duty to preserve.

Additionally, Steadfast argues that Progressive had a duty to preserve the 2007 Acura because it reasonably could have foreseen that the vehicle was vital to Steadfast's defense.  See Response at 6-7.  However, although "Florida courts have imposed a duty on [first party] defendants to preserve evidence in cases where the defendant could reasonably foresee a future claim, . . . Florida case law does not provide for a third-party responsibility to preserve evidence absent notice."  Am. Integrity, 2013 WL 12121495 at *4; James, 375 F. Supp. 2d at 1355; Penn. Lumberman's, 724 So.2d at 630.  As such, this argument is unavailing.  Accordingly, the Court finds that Steadfast failed to allege facts supporting a conclusion that Progressive owed a common law duty to Steadfast or ACME to preserve the 2007 Acura for purposes of Steadfast's defense.

However, even in the absence of a common law duty, a third party may have a statutory, contractual or administrative duty to preserve evidence.  See Am. Integrity, 2013 WL 12121495 at *4; Penn. Lumberman's, 724 So.2d at 630.  Although Steadfast alleged that Progressive had a contractual duty to preserve the evidence "through its policy with Ms. Brathwaite," Steadfast fails to identify or otherwise provide the actual policy language.  See Complaint ¶ 9.  According to Steadfast, this allegation "raise[s] a reasonable expectation that discovery propounded to Progressive will reveal evidence sufficient to establish a contractual duty to preserve the 2007 Acura."  See Response at 7-8.  However, this unsupported allegation does not provide the Court with a basis for finding that

7

Progressive owed a contractual duty to Steadfast to preserve the 2007 Acura.  See Whitney Nat'l Bank v. SDC Cmtys., Inc., No. 8:09-cv-1788-EAK-TBM, 2010 WL 1270264, at *3 (M.D. Fla. Apr. 1, 2010) (dismissing a breach of contract claim because the plaintiff "fail[ed] to allege the specific provision of the contract allegedly breached.").  In determining whether a defendant acquired a contractual duty to preserve evidence, courts focus on "[t]he particular contractual provisions" at issue.  See Silhan, 236 F. Supp.2d at 1310.  More importantly, the Court cannot reasonably infer from the vague allegations in the Complaint that Progressive owed a duty to Steadfast on the basis of a contract between Ms. Brathwaite and Progressive to which Steadfast was not a party.  Accordingly, the Court finds that Steadfast failed to properly allege that Progressive owed a duty to Steadfast or ACME to preserve the 2007 Acura, and the Motion is due to be granted.  As such, the Court need not address Progressive's remaining argument regarding causation.

The Court notes that within the body of the Response, Steadfast sought leave to amend the Complaint.  See Response at 1-2, 9.  However, on April 5, 2017, the Court entered an order advising Steadfast that "the inclusion of this request for affirmative relief in the Response" was improper and instructing Steadfast to file an appropriate motion seeking this relief if it believed that doing so would "cure the alleged deficiencies" presented in the Motion.  See Order (Doc. 16; Order).  Nevertheless, Steadfast did not file a motion seeking leave to amend the Complaint.  As such, the Complaint is due to be dismissed.  In accordance with the foregoing, it is **ORDERED**:

1. Defendant Progressive Casualty Insurance Company's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted and Incorporated Memorandum of Law in Support (Doc. 6) is **GRANTED**.

2. The Complaint (Doc. 2) is **DISMISSED**.

3. The Clerk of the Court is **directed** to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 19th day of July, 2017.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc25
Copies to:
Counsel of Record